CAMPBELL & IRVINE v. C. W. MITCHELL.

Attachment—Motion to Quash Levy Grounds Stand Denied—Burden of Proof.
No pleading is necessary other than the notice stating the grounds upon which a motion to quash a levy is based. All the grounds stand denied, and it is necessary that the party making the motion should establish their existence by competent testimony.

APPEAL FROM MARION CIRCUIT COURT.

December 19, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

At the August term, 1870, an order was made quashing the levy made in virtue of the order of attachment, and also discharging the attachment itself.

The attachment was reinstated by one of the judges of this court, and upon final hearing was sustained.

The error complained of is that the court refused to order a sale of the attached property taken under the levy quashed as aforesaid. The evidence heard by the circuit court warranted the conclusion that the property in question was exempt from levy and sale under either execution or attachment.

The only question is whether or not this fact can be inquired into upon a motion or sale. The court was called upon to sell the property. It had no right to sell property not subject to levy and sale, nor had it the right to retain possession of such property improperly and wrongfully seized by its officer.

No pleadings were necessary, other than the notice stating the grounds upon which the motion to quash the levy was based. All these grounds stood denied, and it was necessary that the party making the motion should establish their existence by competent testimony.

The motion to quash was not a proceeding by a claimant of the property, but by the defendant in the action. It did not raise any question as to the right of plaintiffs to recover, nor as to their right to have their attachment, but only as to whether the levy was legal or illegal. If the process of the court had been abused, it

was proper that this fact should be inquired into in a summary manner, and the above corrected at once.

The judgment appealed from is affirmed.

*Russell & A., R. & F., for appellants.*
*Lisle, Harrison, for appellee.*